**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CR-0009-CVE |
| ) | |
| JOHN STEPHEN MASHUNKASHEY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes on for consideration of defendant's Unopposed Motion for a New Scheduling Order (Dkt. # 23). Defendant states that certain discovery materials are still being disclosed, including transcripts of jail tapes, laboratory reports, cell phone downloads and analyses, and surveillance videos. Dkt. # 23, at 2. Discovery disclosure has been complicated due to four separate law enforcement agencies being involved in the investigation of this case. Id. Mr. Mashunkashey, without objection from the government, asks the Court to continue all dates in the scheduling order (Dkt. # 13) for thirty days, including the pretrial conference and the jury trial. Mr. Mashunkashey has executed a limited waiver of his rights under the Speedy Trial Act. Dkt. # 23.

Mr. Mashunkashey has requested a continuance under § 3161(h)(7)(A) of the Speedy Trial Act based on the on-going discovery and the time needed to review the disclosures by counsel as well as with Mr. Mashunkashey who has been detained. This section permits a court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 § 3161(h)(7)(A). A court must orally or in writing

set forth the reasons for granting an ends of justice continuance and make findings that such a continuance is in the best interest of the defendant and the public. Id.  The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10 Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool.  The parties must provide the district court a sufficient record to determine why the facts states in a motion for continuance "result[] in the need for additional time." Id. at 1271.  This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73.  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Given the nature of the discovery that is still being produced, including surveillance videos of the traffic stop, laboratory reports, and transcripts of certain jails tapes involving defendant, the Court finds that a limited ends of justice continuance is appropriate under the circumstances.  Trial is currently set for April 18, 2016, but defense counsel states that it is not certain when discovery will produced by the government. It would be unreasonable to require defendant to go to trial in April 2016 since the discovery has not been received and reviewed by defense counsel, and defense counsel should also be given time to determine if it would be appropriate to file pretrial motions.

The Court finds that the trial should be reset for May 2016 to allow the parties sufficient time to complete discovery and for defense counsel to review the discovery materials. In addition to the interest of the defendant, the Court has also considered the public's interest in the speedy resolution of criminal case and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion for a New Scheduling Order (Dkt. # 23) is **granted**. The pretrial conference set for March 25, 2016 and the jury trial set for April 18, 2016 are **stricken**.

**IT IS FURTHER ORDERED** that the following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | April 14, 2016 |
| Responses due: | April 28, 2016 |
| PT/CP/Motions Hearing: | **May 2, 2016 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | May 9, 2016 |
| Jury Trial: | **May 16, 2016 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from April 18, 2016, inclusive, to May 16, 2016, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 9th day of March, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE